UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELDA UMEROSKI,

      Plaintiff,

-against-

NOWAB HOTELS, CORP. and
JASIVE JAVAID,

      Defendants.

---

Docket No.

**COMPLAINT**

'07 CIV 10328

BRIEANT

  Selda Umeroski, by her attorneys, Foulke Law Offices, as and for her complaint against defendants Nowab Hotels, Corp. ("Nowab") and Jasive Javaid ("Javaid"), alleges as follows:

  1. Plaintiff, Selda Umeroski, demands a trial by jury of all issues in this action.

### Nature of Action

  2. This is an action to recover damages against defendants Nowab and Javaid for hostile work environment, constructive termination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and the New York State Human Rights Law, New York Exec. Law § 290 et seq.

### Parties

  3. Defendant Nowab hired Selda Umeroski on or about October 2005 as a receptionist.

  4. Upon information and belief, defendant Nowab is, and at all times mentioned hereinafter was, a domestic corporation duly organized and authorized to do business pursuant to the laws of the State of New York.

  5. Upon information and belief, defendant Nowab is a foreign corporation duly authorized and licensed to do business in the State of New York.

6. At the time the cause of action herein arose, defendant Nowab operated a Quality Inn located at 90 Route 17K in the City of Newburgh and State of New York.

7. At all times mentioned herein, plaintiff Selda Umeroski was and is a resident of the County of Orange and State of New York.

8. At all times mentioned herein, Mr. Jasive Javaid was an officer, employee, and owner of defendant Nowab.

9. At all times mentioned herein, Mr. Javaid was an employee, representative and agent of Nowab.

10. At all times mentioned herein, Mr. Javaid had supervisory authority over Selda Umeroski and was her supervisor.

11. At all times mentioned herein, Nowab is responsible for the acts and actions of Javaid, its supervisor, employee, agent and representative under theories of *respondeat superior* and pursuant to principals of vicarious liability.

12. On or about April 5, 2006, within 300 days of the accrual of the cause of action herein and within 300 days of the last act of a continuous course of pervasive sexually harassing conduct, plaintiff Selda Umeroski filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

13. On or about July 26, 2007, Ms. Umeroski, by counsel, requested that the EEOC issue a Notice of Right to Sue so she may pursue this action in the United States District Court.

14. On or about August 24, 2007, the EEOC, Boston Area Office, issued and mailed a Notice of Right to Sue authorizing Selda Umeroski to proceed with her case of employment discrimination in United States District Court.

15. The Notice of Right to Sue was received on or about August 27, 2007 by Ms. Umeroski's counsel.

16. This action was timely commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

### Jurisdiction and Venue

17. This Court has subject matter jurisdiction over plaintiff's claims in this action pursuant to Title 28 U.S.C. § 1331 and pursuant to principals of pendant jurisdiction.

18. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). Plaintiff and each of the defendants reside, are found, transact business, have agents and are within the jurisdiction of this district and of this Court for the purposes of service of process.

19. Venue is proper in this district as to each defendant pursuant to 28 U.S.C. § 1391.

### STATEMENT OF FACTS

20. Plaintiff Selda Umeroski commenced work for Nowab on or about approximately October 2005 working as a receptionist at the Quality Inn motel located at 90 Route 17K, Newburgh, New York.

21. As a receptionist, Ms. Umeroski's duties included answering phones, making reservations, operating the cash register and leasing hotel rooms to customers.

22. At all times, Ms. Umeroski performed her job satisfactorily and never received complaints concerning her job performance.

23. Nowab operates the Quality Inn motel located at 90 Route 17K, Newburgh, New York.

24. At all times mentioned herein, Javaid was the General Manager in charge of operations at the Quality Inn in Newburgh.

25. At all times mentioned herein, defendant Javaid is the controlling shareholder, owner, and an officer of defendant Nowab.

26. During the course of Ms. Umeroski's employment, Mr. Javaid would frequently touch, grab and bump into Ms. Umeroski's breasts on frequent occasions when they were working alone in the morning.

27. At all times mentioned herein, defendant Javaid's conduct in touching, grabbing and bumping into Ms. Umeroski's breasts was intentional.

28. At all times, Mr. Javaid's touching and grabbing Ms. Umeroski's breasts was unwanted and unwelcome.

29. On or about the third week of February 2006, Mr. Javaid was attending a party at the Quality Inn in Newburgh, New York.

30. During the course of the party, Ms. Umeroski was working the front desk as a receptionist.

31. Within hearing distance of Ms. Umeroski, Mr. Javaid was talking on the telephone and stated to the listener that "hopefully one day she'll come up to my room and do something with me". At the time he made this statement, Mr. Javaid was looking and smiling at Ms. Umeroski.

32. After making this statement on the telephone, Mr. Javaid then walked over and placed his arms around Ms. Umeroski touching and rubbing the side of her right breast.

33. Javaid then asked Umeroski if she would do him a "favor" implicitly meaning to grant him a sexual favor.

34. The next day following the party Ms. Umeroski reported the sexual harassment to the Shift Manager of the Quality Inn, Mr. Chris Brown.

35. Ms. Umeroski also requested that Mr. Brown schedule a meeting with Javaid to discuss the harassment.

36. Mr. Brown never scheduled a meeting and, on information and belief, never confronted Mr. Javaid with his sexual harassment.

37. On Monday, March 13, 2006, Mr. Javaid again inappropriately rubbed Ms. Umeroski's back and fondled her bra strap.

38. The unwanted sexual harassment was continuous, pervasive and unreasonably interfered with Ms. Umeroski's ability to work.

39. Any reasonable female in Ms. Umeroski's shoes would have felt compelled to resign her position in light of the continuous course of hostile sexually harassing physical touching and conduct directed by Mr. Javaid.

40. Ms. Umeroski was unable to continue working and was compelled to resign due to the continuous continuing harassment on or about March 13, 2006 at approximately 12:00 p.m.

41. Nowab demanded as a condition to getting her last paycheck that Ms. Umeroski sign a general release releasing defendants from all liability for Javaid's conduct.

42. Nowab and Javaid wrongfully withheld Ms. Umeroski's last paycheck and refused to deliver that paycheck in retaliation for her reporting the unwanted sexual harassment.

43. Defendant Javaid subjected Selda Umeroski to an unwanted and unwelcome hostile environment directed at her because of her sex.

## FIRST CAUSE OF ACTION
### (Hostile Environment in Violation of Title VII and New York State Human Rights Law)

44. Plaintiff, Selda Umeroski, repeats and realleges paragraphs 1 through 43 inclusive as if fully set forth herein at length.

45. Ms. Umeroski, at all times mentioned herein, was a female employee and the subject of unwelcomed sexual advances by defendant Javaid.

46. At all times mentioned herein, defendant Nowab is vicariously responsible for the actions of defendant Javaid.

47. Mr. Javaid's harassment was based solely on Ms. Umeroski's sex and the harassment unreasonably interfered with her ability to work and created a hostile and abusive work environment.

48. The harassment described herein was sufficiently severe and pervasive to create an abusive and hostile work environment which was both intimidating and offensive and unreasonably interfered with Ms. Umeroski's ability to do her work.

49. At all times, defendant Nowab's conduct through its employee and representative Javaid was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. 2000(e) et seq. and in violation of the New York State Human Right Law, New York Exec. Law § 290 et seq.

50. Plaintiff was caused to and did sustain damages in the form of back pay, front pay and emotional pain and suffering.

51. Plaintiff seeks to recover by this action front pay and back pay, attorney's fees, compensatory damages, and punitive damages to which she is entitled to recover under Title VII and the New York State Human Rights Law.

6

## SECOND CAUSE OF ACTION
### (Unlawful Retaliation in Violation of Title VII and the New York State Human Rights Law)

52. Plaintiff, Selda Umeroski, repeats and realleges paragraphs 1 through 43 inclusive as if fully set forth herein at length.

53. Ms. Umeroski complained to Christopher Brown concerning Javaid outrageous behavior and groping.

54. Despite Ms. Umeroski's request for a meeting concerning the harassment, Mr. Brown at all times refused to schedule a meeting and refused to confront Javaid with the hostile work environment he had created for plaintiff.

55. On or about March 13, 2006, plaintiff Umeroski was compelled to resign her position due to the continuous pervasive sexual harassment suffered at the hands of Javaid.

56. In retaliation, Nowab and Javaid wrongfully withheld Ms. Umeroski's last paycheck unless she signed a general release and refused to deliver her paycheck in retaliation for her reporting Javaid's unwanted sexual behavior.

57. Defendants' retaliatory conduct constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. 2000(e) et seq. and in violation of the New York State Human Right Law, New York Exec. Law § 290 et seq.

58. Plaintiff was caused to and did sustain damages in an amount to be determined by the jury which includes compensatory damages for emotional pain and suffering.

59. Additionally, plaintiff seeks to recover front pay and back pay, attorney's fees, compensatory damages, punitive damages to which she is entitled to recover under Title VII and the New York State Human Rights Law.

### THIRD CAUSE OF ACTION
### (Constructive Discharge in Violation of Title VII
### and the New York State Human Rights Law)

60. Plaintiff, Selda Umeroski, repeats and realleges paragraphs 1 through 43 inclusive as fully set forth herein at length.

61. Plaintiff was in essence prevented from doing her job and was constructively terminated. All of the aforementioned conduct was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. 2000(e) et seq. and in violation of the New York State Human Right Law New York Exec. Law § 290 et seq.

62. Plaintiff was caused to and did sustain damages in an amount to be determined by the jury which includes compensatory damages for emotional pain and suffering.

63. Additionally, plaintiff seeks to recover front pay and back pay, attorney's fees, and all other monetary damages, including punitive damages, to which she is entitled to recover under Title VII and the New York State Human Rights Law.

WHEREFORE, plaintiff demands judgment as defendant as follows:

(a) On plaintiff's First Cause of Action in an amount to be determined by a jury;

(b) On plaintiff's Second Cause of action in an amount to be determined by a jury;

(c) On plaintiff's Third Cause of Action in an amount to be determined by a jury;

(d) Declaring that defendant, Nowab, violated plaintiff's right to be free from a hostile sexual work environment under Title VII of the Civil Rights Act of 1964;

(e) Punitive damages in an amount to be determined by a jury;

(f) Front pay, back pay, and compensatory damages including emotional pain and suffering;

(g) Awarding plaintiff's costs, disbursements, and reasonable attorney's fees as authorized by Title VII; and

8

  (h) For such other and further relief as plaintiff is entitled under applicable law and is reasonable and just in these circumstances.

Dated: Goshen, New York
   November 13, 2007

                FOULKE LAW OFFICES

                By: /s/ *Evan M. Foulke*
                   Evan M. Foulke, Esq.
                Attorneys for Plaintiff
                1997 Route 17M
                Goshen, New York 10924
                845-294-4308

TO: Nowab Hotels, Corp.
   90 Route 17K
   Newburgh, NY 12550

   Jasive Javaid
   c/o Nowab Hotels, Corp.
   90 Route 17K
   Newburgh, NY 12550