UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SELDA UMEROSKI,

    Plaintiff,                                       07 CIV 10328 (CLB)

vs.                                     **ANSWER WITH COUNTERCLAIM**

NOWAB HOTELS, CORP. and
JASIVE JAVAID,

    Defendants.
--------------------------------------------------------x

    NOWAB HOTELS, CORP. and ASIF JAVAID, improperly identified in the Complaint as JASIVE JAVAID, hereby state as and for their Answer and Counterclaim:

    1.  Defendants admit paras. 1, 2, 4, 6, 7, 11, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 25, and 29.

    2.  Defendants deny para. 3 since plaintiff was not hired as a receptionist, but a front counter representative.

    3.  Defendants deny para. 5 since NOWAB Hotels Corp. is not a foreign corporation.

    4.  Defendants deny paras. 8 and 9 since Javaid is an officer and owner, but not an employee of NOWAB.

    5.  Defendants deny para. 10 since Javaid was not plaintiff's supervisor at any time.

    6.  Defendants deny para. 12 as no claim exists.

    7.  Defendants admit that plaintiff seeks to invoke the subject matter jurisdiction of this Court, though defendants deny that such jurisdiction exists for a frivolous claim.

    8.  Defendants deny para. 24 as Javaid was not the General Manager at the Quality Inn.

    9. Defendants deny para. 26 as defendant Javaid never engaged in any of the stated

conduct.

10. Defendants deny para. 27 as defendant Javaid did not engage in said conduct, whether intentionally or otherwise.

11. Defendants deny para. 28 as defendant Javaid never engaged in any such conduct.

12. Defendants deny knowledge and information sufficient to respond to para. 30.

13. Defendants deny para. 31 in its entirety.

14. Defendants deny para. 32 in its entirety.

15. Defendants deny para. 33 in its entirety.

16. Defendants admit para. 34 to the extent that at some time, plaintiff advised Brown that she believed she had been sexually harassed.

17. Defendants deny para. 35 in that Brown advised plaintiff that he would schedule a meeting with Javaid to discuss plaintiff's allegation.

18. Defendants deny para. 36 in its entirety.

19. Defendants deny para. 37 in its entirety.

20. Defendants deny para. 38 in its entirety.

21. Defendants deny para. 39 in its entirety.

22. Defendants deny para. 40 in its entirety.

23. Defendants deny para. 41 in its entirety.

24. Defendants deny para. 42 in its entirety.

25. Defendants deny para. 43 in its entirety.

26. Defendants respond to para. 44 as is set forth above for each paragraph.
27. Defendants deny para. 45, except admit that plaintiff is a female who was employed for several months at the Quality Inn.

28. Defendants admit para. 46 in that NOWAB is responsible for the conduct of its owner, but deny that Javaid engaged in any wrongful conduct.

29. Defendants deny para. 47 in its entirety.

30. Defendants deny para. 48 in its entirety.

31. Defendants deny para. 49 in its entirety.

32. Defendants deny para. 50 in its entirety.

33. Defendants admit that plaintiffs seeks to recover the elements of damages set forth in para. 51, but deny her entitlement to any such damages.

34. Defendants respond to para. 52 as is set forth for each paragraph above.

35. Defendants deny para. 53 as stated.

36. Defendants deny para. 54 in its entirety.

37. Defendants deny para. 55 in its entirety.

38. Defendants deny para. 56 in its entirety.

39. Defendants deny para. 57 in its entirety.

40. Defendants deny para. 58 in its entirety.

41. Defendants deny para. 59 in its entirety.

42. Defendants respond to para. 60 as it set forth for each paragraph above.

43. Defendants deny para. 61 in its entirety.

44. Defendants deny para. 62 in its entirety.

45. Defendants deny para. 63 in its entirety.
46. Defendants deny plaintiff's entitlement to any relief as is sought in her Prayer for relief.

**AS A FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to set forth facts sufficient to establish a hostile work environment.

### AS A SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth facts sufficient to entitle her to back pay, front pay or any other form of economic damages.

### AS A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth facts sufficient to establish a constructive discharge or any entitlement to relief therefrom.

### AS A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has either failed to mitigate her economic damages or has failed to set forth sufficient facts showing that she has attempted to mitigate her economic damages without success.

### AS A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to use defendant NOWAB's written procedure for reporting alleged sexual harassment to her supervisors and by dint of said failure is not entitled to relief for any claim of sexual harassment, constructive discharge or hostile work environment based on her gender against NOWABHOTELS CORP.

### AS A SIXTH AFFIRMATIVE DEFENSE

Pursuant to Title VII, this Court has no jurisdiction over Asif Javaid as an individual defendant for any of the causes of action for which plaintiffs seek to hold him personally responsible and all such claims against him in an individual capacity must be dismissed.

### AS A SEVENTH AFFIRMATIVE DEFENSE

Under current and long-established law, plaintiff can assert no claim under Title VII against defendant Javaid and the assertion of such claims are frivolous as a matter of law.

## AS AND FOR DEFENDANTS' COUNTERCLAIM

1. Defendant NOWAB HOTEL CORP. employed plaintiff and at all times provided her with a work environment which was non-hostile and non-discriminatory.

2. On a single occasion, on or about February 28, 2007, plaintiff complained to the Front Desk Manager that she felt Mr. Javaid had sexually harassed her.

3. Plaintiff did not request a meeting to resolve this.

4. Despite the lack of such a request, NOWAB's Front Desk Manager, Christopher Brown, intended to set up a meeting with the owner, Javaids, concerning this issue, but before he could do so, plaintiff quit her job.

5. When she quit her job on March 13, 2007, plaintiff reported that she had a problem [unrelated to sexual harassment] with the Sales Manager and Acting General Manager, not any issue with defendant Javaid.

6. Later, plaintiff claimed that she quit because of sexual harassment by Javaid.

7. When NOWAB's female comptroller learned of this allegation, she called plaintiff and arranged to meet a few days later to discuss these allegations.

8. The day of the scheduled meeting, plaintiff called, said she would not attend the meeting and requested her final pay check.

9. The company comptroller later called plaintiff and advised her that, per company policy, she would need to sign an acknowledgment for her last pay check.

10. No agent employed by defendants ever stated that plaintiff would have to sign a General Release to receive her last pay check and this was not company policy.

11. After receiving the Comptroller's advice, plaintiff never again contacted defendants.

12. Instead, on March 30, 2006, her attorney contacted NOWAB.

13. While NOWAB's comptroller called back and offered to meet with counsel and his client to review the required acknowledgment, she received no further contact from plaintiff or her attorney.

14. After learning of the allegation of sexual harassment, NOWAB conducted an internal investigation and found that no employee had witnessed any sexual harassment and that plaintiff had not mentioned anything about sexual harassment to anyone the night of the February 2007 party.

15. During its investigation, NOWAB learned that plaintiff had advised co-workers before March 13, 2007 that she intended to leave the defendant's employ for another job.

16. Plaintiff's allegations of sexual harassment are false.

17. Plaintiff's allegations of a hostile work environment are false.

18. Plaintiffs allegations concerning constructive discharge are false.

19. Plaintiff has made these allegations in an effort to extort money from the defendants and for no other legally adequate reason.

20. Plaintiff's contentions are frivolous as that term is defined by and in Rule 11(b)(2) F.R.Civ.P.

21. Plaintiff's claims are brought to harass defendants and have no factual support beyond her own assertions which are untrue.

WHEREFORE, defendants pray that this Honorable Court dismiss plaintiff's claims, impose sanctions pursuant to F.R.Civ.P. 11(c), award defendants the fees and costs incurred in the defense of this action and order any other relief which the Court deems just and equitable.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924

COUNSEL FOR DEFENDANTS

Dated: December 23, 2007